*E-filed*:  2/8/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACK REINKE,<br><br>   Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE[1],<br>Commissioner, Social Security Administration,<br><br>   Defendant. | No. C-04-2279 RMW<br><br>ORDER ON MOTION FOR ATTORNEY"S FEES UNDER 42 U.S.C. §406(b) |

Plaintiff's counsel has filed a motion for an award of attorney's fees under 42 U.S.C. §406(b). Specifically, plaintiff's counsel seeks an award of an additional $8,000 in attorney's fees for successfully representing plaintiff in obtaining an award of $83,909.50 in past-due benefits. Counsel has already received payment of $5,300 that was approved by the order of the Administrative Law Judge for legal services performed before the agency.[2]

Under Section 406(b), "whenever a court render a judgment favorable to a claimant ... the court may determine and allow as part of its judgment a reasonable fee for such representation, not

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 1, 2007. Pursuant to Ruled 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is hereby substituted for Jo Anne B. Barnhart as the Defendant in this matter.

[2] Plaintiff's counsel has also already sought and obtained by stipulated order an award of attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $2,227.25. Plaintiff's present motion expressly acknowledges this previous award and that such amount will be paid over to the claimant in the event that attorney's fees are awarded under Section 406(b).

ORDER 04-2279 RMW
TER

in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." The issue presented by the present motion is whether the additional $8,000 sought is a reasonable fee for the representation.

Counsel's motion is based on Section 406(b) and what the motion describes as a 25 percent contingent-fee agreement between counsel and client. The fee agreement submitted with the motion, however, was entered into on January 7, 2008, several months after the completion of the case and the Social Security Administration's notice to plaintiff that he was entitled to monthly disability benefits and awarding past-due benefits totaling $83,909.50. It is not a contingent fee agreement, but is instead a fixed-fee agreement, entered into after the benefits were awarded, pursuant to which the parties agreed that counsel would be paid (upon court approval) the sum of $8,000 for services related to the Federal Court proceedings, an amount expressly corresponding to an hourly rate in excess of $542.

Section 406(b)(1) authorizes the court to award reasonable attorney's fees, not to exceed 25% of the past-due benefits. 42 U.S.C. §406(b)(1). In determining the reasonableness of a proposed fee, the court must consider the fee agreement entered by the parties, but is not bound by the agreement and may make adjustments to avoid a windfall. *Gisbrecht v. Barnhart*, 535 US. 789, 808 (2002); *Astrue v. Shapiro*, 586 F.3d 1142, 1151 (9th Cir. 2009) (court must review the fee to be awarded to determine whether the fee sought under the agreement is reasonable). Counsel has cited no authority, and the court's own research disclosed none, involving a post-hoc fee agreement offered to justify the amount of fees sought to be awarded.[3]

---

[3] The court is not willing to award fees based upon the January 7, 2008 written agreement. At the time the agreement was executed, the results were known and had been known for five months. A significant amount of money – $15,677.38, corresponding to approximately one year's worth of benefits – continued to be withheld by the Administration for the purpose of providing a source for the payment of any attorney's fees awarded by the court. For all intents and purposes, this amount was held hostage pending further proceedings, and in this context, counsel and client entered into an agreement pursuant to which counsel would receive $8,000 and the client would receive $7,677.38, effectively "splitting the baby." There is also no indication that the client had been informed that counsel's ordinary hourly rate was $250, instead of the $542.37 recited in the agreement. Under these circumstances, the court is not convinced that the January 2008 agreement represents a true meeting of the minds on the reasonable value of counsel's services in the Federal Court proceedings.

ORDER 04-2279 RMW
TER                                                                                                  2

        Because the January 2008 fee agreement was entered into after the fact and was not a contingent fee agreement, the court directed counsel to submit evidence regarding the terms of the fee agreement entered into at the outset of the representation. In response, counsel supplied a copy of the October 15, 2001 fee agreement. This initial fee agreement is a contingent-fee agreement, providing that if the SSA favorably decides the claim, then the client will pay his attorney a fee "equal to the lesser of 25 percent of the past-due benefits resulting from my claims(s) or $4,000.00" plus reimbursement of costs advanced. If the SSA did not decide the claim in plaintiff's favor, then the attorney "shall receive nothing for a fee or for any costs said attorney may have advanced." The agreement further provides that "My attorney and I *may* enter into a separate fee agreement in the event my attorney and I agree that an appeal shall be taken to federal court for review of SSA denial of my claim(s)." (Emphasis added). No further fee agreement appears to have been reached regarding legal fees for the Federal Court services, however, at least not until after the case was successfully completed.

        It therefore appears that, in effect, there was no fee agreement in place between counsel and client for the legal services to be performed in Federal Court relating to the appeal of SSA's denial of disability benefits at the time those services were performed. In the absence of a written fee agreement, the appropriate starting point for determining a reasonable fee is the lodestar method: calculating the fee based on the number of hours reasonably expended multiplied by a reasonable hourly rate. *Bentley v. Commissioner*, 524 F. Supp. 2d 921925 (W.D. Mich. 2007); *Sanfilippo v. Commissioner*, 1008 WL 1957836, *3-4 (M.D. Fla. 2008). The court may award such fees, subject to the statutory cap of 25% of the past-due benefits. 42 U.S.C. §406(b)(1).

        In his moving papers, counsel represents to the court that his ordinary hourly rate is $250 and that he expended 14.75 hours in connection with the proceedings in Federal Court. Counsel has also submitted an "Itemization of Services" which sets for the time expended. Although the total of 14.75 hours appears reasonable overall, the court notes that the time appears to have been tracked in quarter-hour increments, with a minimum billing of .25 hours. Thus, there are three one-quarter hour entries corresponding to receiving and reviewing certified mail receipts in June 2004, ironically the same amount of time recorded for reviewing the cross-motion for summary judgment and the

ORDER 04-2279 RMW
TER                                                 3

1  order of remand (each task logged at .25 hours.). It is not reasonable to award $187.5 for the receipt
2  and review of three certified mail receipts, and the court will discount the claimed hours by .75. The
3  remaining 14 hours, at the rate of $250 per hour, results in a lodestar fee of $3,500.
4        The court finds that the resulting lodestar fee, $3,500, is a reasonable fee for the services
5  performed relating to the Federal Court proceedings.

## ORDER

For the foregoing reasons, it is hereby ordered that:

1) plaintiff's attorney, Terry LaPorte, is awarded $3,500 in attorney's fees pursuant to 42 U.S.C. §406(b), payable to him from plaintiff Jack Reinke's past-due Social Security benefits that have been withheld by the Commissioner; and,

2) within fifteen days after receiving the attorney's fee award, plaintiff's attorney, Terry LaPorte, shall reimburse to plaintiff Jack Reinke the sum of $2,227.25, corresponding to the EAJA fees that were previously approved.

DATE: 2/6/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

1  **Notice of this document has been sent to:**

2  **Counsel for Plaintiff:**
Terry LaPorte          terry@terrylaporte.com

3

4  **Counsel for Defendant:**

5  Sara Winslow              sara.winslow@usdoj.gov
Nancy Marie Lisewski      nancy.lisewski@ssa.gov

6

7

8

9
Date:      2/8/10                      TER
10                                          Chambers of Judge Whyte

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER 04-2279 RMW
TER                                5